IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WILLIAM S. CALLAWAY : | |
| Plaintiff, : | |
| vs. : | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, : Commissioner of Social Security, | |
| : | Civil No. 2:08-CV-00033 DB |
| Defendant. | |
| : | Dee Benson |

William S. Callaway appeals the Commissioner of Social Security's decision denying his applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, respectively. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## LEGAL STANDARDS

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d); *see Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002) (providing that both impairment and inability to work must last twelve months). The claimant's impairments must be of such severity that he is not only unable to perform past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. *Id.*; 20 C.F.R. §§ 404.1520, 416.920.

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset date, whether he has severe impairments, and whether the severity of his impairments meets or equals the Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1. If a claimant's impairment does not meet or equal a listed impairment, the Commissioner assesses the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

After determining the claimant's RFC, the Commissioner evaluates steps four and five, determining whether the claimant can perform his past relevant work, and whether he is able to perform other work in the national economy. *Williams*, 844 F.2d at 751. In steps one through

four the burden is on the claimant to prove a disability that prevents performance of past relevant work.  *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001).  At step five, the burden shifts to the Commissioner to show other jobs in the national economy within the claimant's capacity.  *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

## BACKGROUND

Plaintiff filed his current[1] applications for Disability Insurance Benefits and Supplemental Security Income on October 26, 2004.  (Tr. 73-75, 100, 428-31.)  In both applications, Plaintiff claimed he became disabled on January 1, 2000,[2] due to problems with his spine, depression, and chronic bronchitis.  (Tr. 73-75, 103, 428-31.)  Plaintiff was 42 years old on the date he alleges he became disabled.  (Tr. 73.)  He has two years of college education and training as an automobile mechanic.  (Tr. 110.)  He has worked as an automobile repair sales manager, shop manager, and sales person.  (Tr. 104, 112.)

Plaintiff's claims were denied initially on April 6, 2005, and denied upon reconsideration on May 27, 2005.  (Tr. 40-46.)  On June 3, 2005, Plaintiff requested a hearing.  (Tr. 39.)  On March 8, 2007, Administrate Law Judge (ALJ) Robin L. Henrie presided over Plaintiff's hearing in Salt Lake City, Utah.  (Tr. 432-98.)  By written decision, dated May 22, 2007, the ALJ determined that Plaintiff had not performed substantial gainful activity since his alleged onset of

---

[1] Plaintiff previously applied for Disability Insurance Benefits and Supplemental Security Income on October 24, 2000.  An ALJ denied his claims in a decision issued on October 25, 2001.  Plaintiff then commenced an action for judicial review in this Court.  On September 15, 2003, the Court issued an order affirming the Commissioner's decision and dismissing Plaintiff's case.  *See* Civil Docket, Case No. 2:02-CV-00250-DB.

[2] At the administrative hearing, Plaintiff amended his alleged onset date to October 26, 2001, one day after the date of the ALJ's decision denying his previous claims.  (Tr. 434-40.)

disability. (Tr. 16.) He found that Plaintiff's severe impairments consisted of "back disorders (discogenic and degenerative) with degenerative disc disease of the lumbar and thoracic spines, chronic bronchitis, affective mood disorder, i.e. depression and as of March of 2006, a partial loss of function of the left upper extremity, status post a table saw injury." (Tr. 17.) However, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing of Impairments, giving special attention to Listings 1.04 (disorders of the spine), 3.02 (chronic obstructive pulmonary disease), 12.04 (affective disorders), and 1.02 (major dysfunction of joints). (Tr. 18.)

The ALJ reviewed the medical records and medical opinions of the health care professionals who treated Plaintiff during the relevant time period, and he also considered the findings of State agency medical consultants who reviewed the medical evidence of record.[3] The ALJ heard testimony from Plaintiff regarding his limitations and pain, and also heard testimony from a vocational expert. The ALJ found Plaintiff's testimony regarding his subjective complaints and functional limitations inconsistent with the record as a whole and therefore not fully credible. (Tr. 19-23.)

After reviewing all the evidence, the ALJ determined that Plaintiff had the residual functional capacity (RFC)

> to perform the full range of sedentary, unskilled work, except that such work could not require:
>
> lifting more than ten pounds at a time, primarily with the right hand;

---

[3]The medical evidence was summarized in the ALJ's decision and is not repeated here except as necessary to address the issues presented. (Tr. 17-28.)

> sitting, standing or walking more than at will (the sit or stand at will option);
>
> bending, stooping or squatting of any significance;
>
> more than occasional handling, reaching and fingering with the left upper extremity; work on the floor (no kneeling, crawling, crouching, etc.);
>
> stair climbing (a few steps not precluded but no flights of stairs);
>
> overhead lifting or reaching of any significance;
>
> working in an area without a restroom nearby for quick access;
>
> work at more than a low stress level (low stress unskilled work);
>
> work at more than a low concentration level (low concentration unskilled work);
>
> work at more than a low memory level (low memory level unskilled work);
>
> also, claimant is right hand dominant and has essentially no feeling in his left hand due to his table saw injury.

(Tr. 18-19.)  A vocational expert then testified that Plaintiff's limitations precluded him from performing his past jobs, but that he could work as a surveillance system monitor, addressor, or call-out operator.  (Tr. 492-96.)  Relying on this testimony, the ALJ concluded that Plaintiff could perform a significant number of jobs in the national economy, and therefore determined that Plaintiff was not disabled within the meaning of the Act.  (Tr. 30-31.)  On November 16, 2007, the Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's May 22, 2007 decision the Commissioner's final decision for purposes of judicial review.  (Tr. 5-7.)  *See* 20 C.F.R. § 404.981, 416.1481.

**DISCUSSION**

Plaintiff's allegations of error concern the ALJ's evaluation of medical opinion evidence and credibility.  First, Plaintiff claims the ALJ erred in evaluating the opinions of Dr. Gagon, Dr. Carlisle, and Mr. Hunt, a physician's assistant.  Second, Plaintiff claims that the ALJ erred in discounting Plaintiff's allegations of incapacitating pain, and in failing to find that his pain rendered him unable to perform any work.  The Court finds neither of Plaintiff's arguments persuasive.  Rather, the Court agrees with Defendant's arguments, set forth in Defendant's Motion to Affirm the Commissioner's Decision, that the ALJ's evaluation of the medical opinion evidence and Plaintiff's credibility was supported by substantial evidence and correct under applicable law.  Therefore, the Court adopts Defendant's Motion and incorporates the same herein by reference.

**A.    Medical Opinion Evidence**

The Court finds the ALJ stated valid reasons for declining to assign controlling weight to the opinion of Dr. Gagon, a treating physician.  "An ALJ is required to give controlling weight to a treating physician's opinion about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and any physical or mental restrictions, if 'it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record.'"   *Bean v. Chater,* 77 F.3d 1210, 1214 (10th Cir. 1995). Moreover, a statement that a claimant is "disabled" or "unable to work" is not a medical opinion and is not entitled to "any special significance."  *See* 20 C.F.R. § 404.1527(e) (2002). Substantial evidence supported the ALJ's conclusion that Dr. Gagon's treatment records contained rather mild clinical findings and did not describe severe and debilitating symptoms. An ALJ is not required to adopt a treating physician's opinion that is inconsistent with the

doctor's own records of treatment. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). Further, Dr. Gagon did not assess specific functional limitations; he merely stated the opinion that Plaintiff was "unable to work." (Tr. 140, 142.) As explained above, an ALJ is not required to assign controlling weight to such opinions.

Dr. Carlisle, after examining Plaintiff only once, found he had a GAF code of 48, indicating serious symptoms.[4] The ALJ explained that Dr. Carlisle's opinion that Plaintiff's depression was severe was inconsistent with his own findings that Plaintiff had normal memory, normal judgment, normal alertness, and moderately severe depression, as well as with Dr. Gagon's findings that Plaintiff had mild depression, intact memory, and appropriate affect. (Tr. 20, 27.) These were legitimate reasons for assigning limited weight to Dr. Carlisle's opinion. The frequency of a doctor's examinations and the consistency of a doctor's opinion with the record as a whole are appropriate factors to consider in evaluating medical opinion evidence. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

The ALJ also gave good reasons for rejecting Dr. Mr. Hart's opinion that Plaintiff would need to take hourly 10-minute breaks at work and would be absent more than four days per month. (Tr. 385-86). Mr. Hart was not qualified to render a medical opinion because he was not an "acceptable medical source" under the Commissioner's regulations. *See* 20 C.F.R. § 404.1512. In addition, Mr. Hart's opinion was explicitly based on Plaintiff's complaints of pain, and his treatment records contained almost no abnormal objective findings. (Tr. 385-406.)

---

[4]*See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994).

Given these factors, the ALJ did not err in rejecting Mr. Hart's opinion. *See* 20 C.F.R. § 404.1527(d), Social Security Ruling 06-3p.

For these reasons, the Court finds the ALJ's evaluation of the medical opinion evidence was supported by substantial evidence and legally correct.

### B.      Plaintiff's Credibility

The Court finds the ALJ determination that Plaintiff's allegations of incapacitating pain were not fully credible was well supported in law and fact. The ALJ carefully reviewed Plaintiff's testimony and described numerous inconsistencies between Plaintiff's testimony and the medical evidence, which Plaintiff failed to credibly explain. (Tr. 20-26.) The ALJ also discussed Plaintiff's daily activities and the relatively normal findings in the medical records, both of which were inconsistent with complaints of disabling pain. (Tr. 20-26.) *See Bean*, 77 F.3d at 1213 (finding ALJ properly discredited claimant's complaints that were inconsistent with other evidence). Moreover, the Court notes that by limiting Plaintiff to the extremely limited range of sedentary work described in the residual functional capacity, the ALJ accepted Plaintiff's subjective complaints to a significant extent. In sum, in reviewing the ALJ's decision, the Court finds no error in the ALJ's evaluation of Plaintiff's credibility.

**CONCLUSION**

Having determined that the Commissioner decision is supported by substantial evidence and no legal errors occurred, the Commissioner's decision is AFFIRMED.

It is so ordered.

Dated this 8th day of April, 2009.

_____
Dee Benson
United States District Court Judge